# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH TELFAIR NEWSOME, II, <br><br> Plaintiff, <br><br> v. <br><br> CHATHAM COUNTY DETENTION CENTER; PRISON HEALTH SERVICES, INC.; DR. JACKSON, NURSE SIMMONS; and NURSE McIVORY, <br><br> Defendants. | Case No. CV405-42 |

## REPORT AND RECOMMENDATION

On April 21, 2005, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

In his complaint, plaintiff asserts that he has been suffering from dental pain since October 12, 2004 and that while he has requested dental care since that date, he has been refused. He states that he has given several request forms to Nurse Simmons and Nurse McIvory explaining his

condition. It appears that plaintiff attempts to state an Eighth Amendment claim against defendants for providing him insufficient medical care. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting an objective test and adopting a subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court

decided long ago that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. Id. at 105.

In this circuit, "a serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243-44 (11th Cir. 2003) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either situation, "the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (quoting Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)). In some

circumstances, a need for dental care in addition to the effects of not receiving it may create a serious medical need sufficient to create a substantial risk of serious harm. Id. at 1244.

In his complaint, plaintiff does not provide any specific allegations about the nature of his dental care needs or the effects that it is having on him other than that it causes him "severe pain." While it is not clear whether plaintiff's claim will eventually be successful, the Court finds that plaintiff has stated an Eighth Amendment claim in his complaint against defendants Simmons and McIvory.

However, plaintiff's claims against Chatham County Detention Center, Prison Health Services, Inc., and Dr. Jackson must be dismissed. The Chatham County Detention Center is not an entity subject to suit under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department and detention center not entities capable of being sued).

Plaintiff's claims against Dr. Jackson should be dismissed because Dr. Jackson is never mentioned in plaintiff's recitation of the facts. Because he has made no specific allegations against Dr. Jackson, plaintiff has failed to state a claim against him and he should be DISMISSED.

Plaintiff has also failed to state a claim against Prison Health Services. The only basis plaintiff has provided for his claim against this defendant is that Nurses Simmons and McIvory are its employees. Claims brought pursuant to § 1983 cannot be based upon theories of respondeat superior or vicarious liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). In other words, plaintiff cannot bring suit against Prison Health Services because it employs the defendant nurses. Rather, plaintiff must demonstrate either that an individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the entity's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that the employing

entity implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

An employing entity may also be subject to § 1983 liability when a history of widespread abuse puts the official on notice of the need to take corrective action and it fails to do so. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A causal connection between the employing entity's acts or omissions and the plaintiff's injury is essential to establish liability. Plaintiff has also failed to specify how Prison Health Services is responsible for any alleged failures of its personnel. The claim against defendant Prison Health Services should therefore be DISMISSED.

For the foregoing reasons, the Court recommends that plaintiff's claims against defendants Prison Health Services, Chatham County Detention Center, and Dr. Jackson be DISMISSED. The Court does find that plaintiff has stated an Eighth Amendment claim against defendants Simmons and McIvory. At this time, the Court therefore recommends that

the Clerk forward a copy of this complaint to the United States Marshal for service upon defendants Simmons and McIvory to respond to plaintiff's allegation that he was denied proper dental care.

**SO ORDERED this 27th day of May, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

Kenneth Telfair Newsome, II )

vs ) CASE NUMBER CV405-42

Chatham Co. Detention Center, et al ) DIVISION SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated May 27, 2005, which is part of the official record of this case.

Date of Mailing: May 27, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

<u>Name and Address</u>

Kenneth Telfair Newsome, II, 2004080905, Chatham County Jail, 1074 Carl Griffin Drive, SAvannah, GA 31405-1327

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate