FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN 18 PM 2:06

CLERK
SO. DIST. GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

KENNETH TELFAIR NEWSOME II, )
)
      Plaintiff, )
)
v. ) Case No. CV405-042
)
NURSE SIMMONS and )
NURSE McIVORY, )
)
      Defendants. )

### REPORT AND RECOMMENDATION

Defendants have filed a motion for summary judgment on plaintiff's claim that defendants violated his constitutional rights by failing to provide him with adequate dental care. Doc. 32. Plaintiff has filed a response opposing the motion. Doc. 38. For the following reasons, the Court recommends that defendants' motion for summary judgment be GRANTED and that plaintiff's complaint be DISMISSED.

### I. BACKGROUND

On August 19, 2004, plaintiff was booked at the Chatham County Detention Center. Doc. 33, Ex. A. Plaintiff's complaint is related to his perceived lack of proper dental care. Doc. 1.

Plaintiff filed a medical request form on October 13, 2004, complaining of pain he was suffering from a root canal that had been completed prior to his incarceration. Doc. 33, Ex. B. Nurse Simmons examined him, gave him Motrin, and referred him to the staff dentist. Id. On October 26, 2004, plaintiff filed another medical request, complaining that two of his fillings had come out, he had a cracked tooth, and he was suffering from severe toothaches. Id. at Ex. C. The request form indicates that the dental referral had already been submitted, plaintiff had been given ten Tylenol tablets the day before, and he would be given ten more the following day. Id. Plaintiff filed another request form on November 3, 2004, and Nurse Simmons examined him that day, noting that plaintiff was in pain, that he had no facial edema, and that he had tooth decay and a missing filing. Id. at Ex. D. She gave plaintiff twelve Motrin and noted on the request form that a dental referral had already been submitted. Id.

On November 11, 2004, Dr. Lindsay Jackson, a staff dentist, examined plaintiff, prescribed penicillin and Motrin, and requested that plaintiff return the following week for a tooth extraction. Doc. 33, Ex. E. Dr. Jackson examined plaintiff again on November 17, 2004, but apparently

he did not perform the extraction. Id. Plaintiff complained of a toothache and tooth decay in a medical request form dated December 20, 2004. Id. at Ex. F. He was referred to the staff dentist and given eight Tylenol. Id. Plaintiff again complained of tooth pain on January 2, 2005, and he was again referred to the staff dentist. Id. at Ex. G. When he filed another medical request form on January 12, 2005, he asked for pain medication and asked to see the dentist. Id. at Ex. H. Two days later, Nurse Simmons examined plaintiff, noted that there was increased tooth decay, gave him Tylenol, and noted that a dental referral had previously been submitted. Id. at Ex. I. Dr. Jackson examined plaintiff again on January 18, 2005, and she gave him penicillin and Motrin. Id. at Ex. J.

In another medical request form, dated January 31, 2005, plaintiff complained that he had a cracked filling, a problem that he stated he had informed the dentist of during a previous visit. Doc. 33, Ex. K. A nurse, J. Jones, gave plaintiff Tylenol and referred him to the dentist. Id. Then on February 5, 2005, plaintiff filed a medical request form complaining of pain near his right molars. Id. at Ex. L. Again, Nurse Jones gave him Tylenol and referred him to the dentist. Id. Dr. Jackson finally examined plaintiff

again on February 21, 2005. Dr. Jackson diagnosed him with irreversible pulpitis, gave him Amoxicillin and Motrin, and requested that he return in a week. <u>Id.</u> at Ex. M. Dr. Tamoral Sams extracted one of plaintiff's teeth on March 4, 2005. <u>Id.</u>

Plaintiff's medical request dated March 7, 2005 again complains of a toothache and requests a teeth cleaning. Doc. 33, Ex. N. Nurse McIvory examined him on March 8, 2005, noted that he had Motrin left from his tooth extraction and was sensitive to hot and cold, gave him two Tylenol tablets, and referred him to the staff dentist. <u>Id.</u> at Ex. O. Two days later, plaintiff filed a medical request in which he complained of pain from the dental work that had been completed and requested more treatment. <u>Id.</u> at Ex. P. The member of the medical staff who responded to his request stated that plaintiff had been referred to the dentist and was on the waiting list. <u>Id.</u> The next day, March 11, 2005, plaintiff filed a medical request form indicating that he was experiencing severe pain and an infection due to the extraction; according to the request form, he was given Tylenol. <u>Id.</u> at Ex. Q. Nurse McIvory examined plaintiff on March 14, 2005, gave him Tylenol, and referred him to the dentist. <u>Id.</u> at Ex. R. Ten days later, on

March 25, 2006, Dr. Jackson did a post-operation exam and noted that plaintiff was "okay." Id. at Ex. M.

Plaintiff filed an affidavit as the only evidentiary support for his case. Doc. 39.

## II.   SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing laws . . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial

lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Products Div., 932 F.2d 1384, 1387 (11th Cir.) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record that have been singled out for attention by the parties. Baker, 903 F.2d at 1515.

## III. ANALYSIS

Plaintiff does not specify whether he was a pretrial detainee or a convicted prisoner during the time period when he allegedly received inadequate dental treatment. The Eighth Amendment requires prison officials to provide necessary medical care "for those whom it is punishing by incarceration." Estelle v. Gamble, 428 U.S. 97, 103 (1976); Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). Although the Eighth Amendment's prohibitions against cruel and unusual punishment apply only to convicted prisoners and not to pretrial detainees, it is well settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth Amendment for convicted persons. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Thus, the standard for providing medical treatment to those incarcerated following a conviction or held in pretrial detention is the same under both the Eighth Amendment and the due process clause. Lancaster v. Monroe County, 116 F.3d 1419, 1425 n. 6 (11th Cir. 1997); Hamm, 774 F.2d at

1574; see Marsh v. Butler County, 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc) (assuming, but not deciding, that the Eighth Amendment "deliberate indifference" test applies to a pretrial detainee's Fourteenth Amendment due process claim).

The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a substantial risk of serious harm of which he was subjectively aware. Farmer, 511 U.S. at 829, 837 (rejecting an objective test and adopting a subjective one). See Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).

The Supreme Court has noted that an official's deliberate indifference to an inmate's serious medical needs could be manifested by a "prison

doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." <u>Estelle</u>, 429 U.S. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Id.</u> at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. <u>Id.</u> at 105. <u>See</u> <u>Miller</u>, 384 F.3d at 1261 ("even gross negligence does not satisfy [the] standard").

Interpreting <u>Farmer</u> and <u>Estelle</u>, the Eleventh Circuit requires plaintiff to prove three components of deliberate indifference: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999).

"In certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." <u>Farrow v. West</u>, 320 F.3d 1235, 1243-44 (11th Cir. 2003). However, even assuming that plaintiff's dental problems constitute a serious medical need, plaintiff fails

to satisfy the subjective requirement needed to establish an Eighth Amendment violation. Certainly the evidence shows that defendants were aware of plaintiff's condition. But there is no indication besides plaintiff's self-serving affidavit[1] that defendants exhibited deliberate indifference to plaintiff's serious medical needs.

Plaintiff states in his affidavit that Nurse Simmons "did not accurately [sic] pursue the arrangements for [plaintiff] to be seen by a dentist." Doc. 39. However, prison records, the accuracy or completeness of which plaintiff does not challenge, shows that Nurse Simmons referred plaintiff to the staff dentist or noted that such a referral was pending on every occasion she saw him. Doc. 36; see, e.g. Doc. 33, Ex. B. Plaintiff's statement is merely a conclusory allegation, and he does not describe what else he believes that she could have or should have done to expedite his treatment. He complains that when on one occasion he asked Nurse Simmons for pain medication, she laughed at him and told him to "get out of her face." Doc. 39. Plaintiff does not claim that on this occasion the

---

[1] See Larken v. Perkins, 22 Fed. Appx. 114, 115 (4th Cir. 2001) (district court properly found that plaintiff's "own, self-serving affidavit containing conclusory assertions," was "insufficient to stave off summary judgment").

nurse refused treatment or pain medication, however. Also, the record shows that on every occasion she saw him Nurse Simmons provided plaintiff with pain medication. Doc. 33, Exs. B, D, I.

Plaintiff states that on March 11, 2005, he continued to experience dental pain and asked an officer if he could speak with the unit nurse. Doc. 39. He claims that when he spoke with Nurse McIvory, she said she was not going to respond to plaintiff's medical request or give him pain medication. Id. Plaintiff states that on the evening of March 11 he experienced severe dental and abdominal pain and passed out, necessitating an emergency call. Plaintiff, however, does not state, nor does the record show, that it was Nurse McIvory who saw plaintiff on March 11. Plaintiff's medical request form from March 11 indicates that he was given Tylenol. Doc. 33, Ex. Q. So, even if Nurse McIvory saw plaintiff on that date, the request form indicates that she did indeed provide him with pain medication. Nurse McIvory saw plaintiff on March 14, gave him Tylenol, and again referred him to the dentist. Id. at Ex. R.

Plaintiff alleges that both nurses failed to respond "adequately" to his dental condition. Doc. 40. He states that his treatment was delayed and

11

that he experienced severe pain. The fact remains, however, that plaintiff has not shown that any delay in treatment was caused by either defendant or that defendants failed to provide him with pain medication on any occasion. Plaintiff's statements that defendants refused or delayed treatment are unsupported by the record.[2] The record clearly shows that plaintiff received constant medical attention from the nurses, who continually provided plaintiff with pain medication and brought his complaints to the attention of the staff dentist. "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989); see Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.1985) (plaintiff received "significant" medical care while in jail, and although plaintiff "may have desired different modes of treatment," care provided "did not constitute deliberate indifference"). Moreover, through the efforts of the

---

[2]Nor has plaintiff shown that either nurse disregarded a risk to his health by conduct that is more than merely negligent. Indeed based on the exhibits detailing plaintiff's care, it does not appear that defendants' actions were negligent or deficient in any manner. While plaintiff's allegations may raise questions about the promptness or adequacy of the care provided by the *dentist* to whom the nurses continually referred plaintiff for evaluation and treatment, plaintiff has not shown that either of the defendant nurses was indifferent to his serious medical needs.

nursing staff, plaintiff was examined and treated by a staff dentist on six occasions between October 2004 and March 2005.[3]  Doc. 33, Exs. E, J, M.

Plaintiff has failed to show that the defendant nurses ignored or disregarded a serious risk of harm by conduct that was more than merely negligent.  Therefore, Nurse Simmons and Nurse McIvory are entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that summary judgment is appropriate for both defendants, as plaintiff has not shown any genuine issue of material fact and defendants are entitled to judgment as a matter of law.  The Court recommends that defendants' motion for summary judgment be **GRANTED** and that this case be **DISMISSED**.

SO REPORTED AND RECOMMENDED this 18Th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]Plaintiff has failed to offer any evidence that the defendant nurses were responsible for any delay between the occasions when plaintiff requested dental treatment and when the staff dentists provided such treatment.  Plaintiff might properly have pursued a claim for any delay against the staff dentist or dentists, but he did not attempt to amend his complaint to state a claim against them after the Court dismissed Dr. Jackson from the case because plaintiff had failed to make specific allegations against her.